DANIEL CALLAHAN

    Plaintiff

- against -

P. SMITH, SGT ROBERT HOLT, City of N.Y
OFFICER TIMOTHY EVANS SHIELD #12421
OFFICER JIMMY PONCE SHIELD #29568

    Defendants.

13CV2726(WFK)(LB)

AMENDED COMPLAINT

JURY TRIAL
☒ YES  ☐ NO

ORIGINAL

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 14 2013 ★
BROOKLYN OFFICE

Rec'd 11/26/13

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 26 2013 ★
BROOKLYN OFFICE

## I.

### Parties in this Complaint

**A.**

**Plaintiff**    DANIEL CALLAHAN
          ID# 13A3148
          Fishkill Correctional Facility
          Box 1245
          Beacon New York 12508

**Defendant No 1.**

    P. SMITH (PATRICIA)
    CASE WORKER, SUPERVISOR
    ADMINISTRATION FOR
    CHILDRENS SERVICES
    165-15 ARCHER AVENUE
    JAMAICA NEW YORK 11433

Defendant No. 2:

Sergeant Robert Holt N.Y.P.D
One Police Plaza Room 1046
New York N.Y 10038, City of N.Y.

Defendant No 3.

Officer Timothy Evans
Shield # 12421 - N.Y.P.D
79 Pricinct
263 Tompkins avenue
Brooklyn New York 11221

Defendant No. 4

Officer Jimmy Ponce
Shield # 29568 - NYPD
79 Pricinct
263 Tompkins avenue
Brooklyn New York 11221

## II. Basis for Juristiction

This action arises under:

1. 28 U.S.C § 1391
2. 42 U.S.C § 1983
3. Constitutional Amendments
   4, 5, 8, 14

## III. VENUE

The Eastern District of New York is the proper venue for this lawsuit because:

1. Cause of action arose in Brooklyn N.Y.
2. Officers operate out of a Brooklyn pricint.
3. The family shelter is located in Brooklyn N.Y
4. The A.C.S. Worker (P. Smith) operates out of a Queens N.Y. office.

IV. **Statement of Facts/Claim**

1. On August 13, 2010 I was living at 228 Pulaski st Bkly NY.

2. That my children Nicole and Isis lived at this family shelter with me.

3. That I went to the store leaving older child to watch younger child.

4. That I left apartment secure, door closed and that children were in 24hr manned building provided to us by Department of Homeless Services.

5. That police were called and my children were removed by Administration for Childrens Services in my absence. Children were taken without my knowledge or concent.

6. That I was told to report to 79 pct by "Guard" That upon my arival, I was placed under arrest That I was remanded for several days on charges relating to above mentioned incident.

7. That on August 16, 2010 an Article 10 Petition was lodged against my wife and I and that this prosecution lasted for about 19 months.

8. That I alone had full custody of my children as of 7-4-08.

9. That my Due Process rights were violated by not being afforded a pre depravation hearing. not being provided inital counsel for hearing not being made aware that hearing took place.

10, Due Process rights violated again by failure to afford me a post depravation hearing, after removal of children.

11, That my Substantive due process rights were violated, that investigation leading to events Stated, were so shocking, arbitary and egregious, that the infliction of emotional distress led me to make an attempt on my life not once, but twice which is documented by hospital records. It was a huge stigma.

12, That lack of training on part of officers to see the situation clearly, is what led to the catastrophic events to which I now make a claim; This can and is proven to be the case by the eventual dismissal of charges under the law.

13, That Ms P.Smith, under the guise of her position and her place of employment, enjoys broad discretion of her actions. Failure to adhere to prior orders, Ms Smith ultimatly gave children back to bio mother, whom children were taken from in prior hearings.

This demonstration of gross negligence has created a revolving door policy that my family has endured since an initial case was open'd on our family in the early 2000's. Children placed and returned many times.

14. That I am entitled to Municipal liability damages against N.Y.C. based on the fact that both my Criminal and Article 10 Petition were dismissed for failure to establish impairment or imminent risk at a hearing held on 4-3-12 in family court. Also dismissed, charges in criminal complaint dated 8-19-2010.

15. I allege that the false arrest and malicious prosecution I endured for 19 months (see Facts #6,7 above) has violated my Constitutional rights.

16. That these actions against me are based on prior instinces and the past is being used to support present prosecution which was ultimatly dismissed. It constitutes retaliation.

V. Injuries

#1, Depravation of companionship of children for nearly 19 months.
  cite: Duchesne v. Sugarman
    566 F.2d 817, 825 (2d Cir 1977)

#2, Procedural as well as substantive violations as to the care of my children
  cite: Kia P v. McIntyre 2 F.Supp 2d 281, 290 (EDNY 1998)

#3, False arrest and malicious prosecution by city agencys ie. N.Y.P.D), Administration of Childrens Services.
  cite: 1) Nicholson v. Williams 203 F.Supp 2d 153, 251 (EDNY 2002) citing Croft v. Westmoreland County & Youth Services 103 F.3d 1123, 1126 (3d Cir 1997).
  2) Rizzo v. Goode 423, U.S 362, 371, 96 S.Ct 598, 604, 46 L.Ed 2d 561 (1976)
  3, Nicholson v. Scoppetta 3 N.Y 3d 357, 370, 787 N.Y.S 2d 196, 820 N.E 2d 840 (2004)

#4, Due process rights violated by not being afforded hearing, before and after removal of children.
  cite Tenenbaum, 193 F 3d at 593 citing Stanley v. Illinois 405 U.S 645 92 S.Ct 1208, 31 L.Ed 2d 551 (1972)

#5. Policy of continuous temporary placement of children and eventual return of children by defendants has caused extreme pain and suffering to my family and I. Emotional and Phycological abuse was so extreme that I made not one, but two attempts on my life beginning in early 2011 which are documented by hospital Phychiatric records.

#6. I have felt the full fury of the governments and citys display of power and ability to treat me and my rights with indifference. I state and re allege that every action by all defendants in this claim has done nothing short of treating my family and I with cruel and unusual punishment. I ask the court to stop this practice.

#7. I lost my freedom by being arrested and jailed. I lost my children by being prosecuted for neglect. My children lost thier innocence and I (we) are suffering a lasting stigma that will carry on through the rest of my (our) lives

# VI. Relief

1. I wish for the court to aknowledge the violations of my rights that I've stated and grant monitary damages in the ammount of $100.000.00 to cover the costs of the court and my phychiatric emotional care for years to come.

2. I prey the court will award an additiona $200.000.00 to be split on the cost of my two childrens life time of phychiatric and medication costs which are in relation to the years of thier association with the Administration for childrens services.

3. I wish for the court to use this case to set a precident. that bars the barbaric uprooting of familys and the shattering of innocent persons lives by inaccurate conclusions, improper following of procedures and lack of training that was displayed in this case

4. I ask the court to provide an attorney to represent me futher in this matter. Although I have obtained miniscule knowledge

of the issue at hand, I am also aware that there are many aspects to this process that I dont know and do not have the time to research and implement. many forms, motions and other paperwork would best be handled by a competent attorney. I am also aware that time is a factor in this case, concidering the stage we are at now. I prey the court will aknowledge my request.

5, I ask this court to proceed with IFP status. My status remains the same as stated in original claim.

6, I ask the court to concider my request for monitary relief, So that I may pick up the pieces of my now broken family and give my kids an education and loving home which they were living in prior to these events.

Sworn before me this 8th day of November 2013.

*Kim Skaarva*

13A3148

KIM SKAARVA
Notary Public, State Of New York
Qualified In Dutchess County
Registration No. 01SK6089098
Commission Expires March 17, 2015

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) s.s.:
~~COUNTY OF DUTCHESS~~) Brooklyn

<u>Daniel Callahan</u>, being duly sworn, deposes and states:

1. I am over the age of 18 and reside at <u>Fishkill Correctional Facility, P.O. Box 1245, Beacon, New York 12508-8245</u>.

2. On <u>11-8-13</u>, I served the within: Amended Complaint # 132726 (WFK)(LB)

upon: Clerck of the court
United States District court
Eastern District of New York

at the following address:
225 Cadman Plaza East
Brooklyn New York 11201

by depositing a true copy of the within in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the Department of Correctional Services of New York.

*[signature]* 13A3148

SWORN TO BEFORE ME THIS 8th DAY OF November, 2013

*[signature]*
NOTARY PUBLIC

KIM SKAARVA
Notary Public, State Of New York
Qualified In Dutchess County
Registration No. 01SK6089098
Commission Expires March 17, 2015

Daniel Callanan # 13A3148
c/o Fishkill Correctional Facility
Box 1245
Beacon New York 12508

FISHKILL CORRECTIONAL FACILITY
$01.92⁰
11/12/2013
Mailed From 12508
US POSTAGE



Clerk of the Court
U.S. District Court
Eastern District of N.Y.
225 Cadman Plaza East
Brooklyn N.Y. 11201
Re: 13CV2726 (WFK)(LB)

* LEGAL MAIL *

cc: